12-15-00142-CR

5-27-15

RE: Filing of Writ of Mandamus
From Cause No. 11965 (C); From
the 2nd Judicial District Court.

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN - 1 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

Dear Clerk,

        Please find enclosed a Petition for Writ
of Mandamus.
        The Courts filing No. at top of Writ is
left open for this Court to insert correct No..
        I pray the Court finds this Writ done
Properly and files it, and that it will achieve
its purpose.
        As of this date, Relator has not heard any word
from the 2nd Judicial District Court concerning the Reporter's Record
This Court sent to them.                Thank You

                                            Jeffrey L. Ward
                                    Wynne Unit; 810 FM 2821
                                    Huntsville, Tx. 77349

CAUSE NO. 11965(C)

11-15-00142-CR

In Re Jeffrey L. Ward         ?         In The TWELFTH
       Relator                ?              COURT

     v.s.                     ?

2nd JUDICIAL DISTRICT         ?         OF APPEALS

COURT of CHEROKEE COUNTY      ?
       Respondant             ?

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN - 1 2015
elkm

TYLER TEXAS
CATHY S. LUSK, CLERK

## RELATOR'S PETITION FOR WRIT OF MANDAMUS

List of Parties
TRIAL COURT IN GENERAL
or District Court Judge
Bascom W. Bentley III.

Jeffrey L. Ward Relator
Wynne Unit: 810 FM 2821
Huntsville, Tx. 77349
                    Pro-Se

Into the TWELFTH COURT OF APPEALS COME'S NOW
Jeffrey L. Ward, requesting this Writ of Mandamus from
WRIT NO. 11965(C) from the 2nd Judicial District Court of
Cherokee County, Texas.

# TABLE OF CONTENTS

AT Page i - Lists idenities of Parties

AT Page ii - TABLE OF CONTENTS And LISTING AUTHORITIES

AT Page(1) STATEMENT OF THE CASE, Indicating the duty of the Court; RULE 52.3(d)(3).

" " " Statement of JURISDICTION

" " " ISSUES PRESENTED

AT Page(2) ISSUES PRESENTED, MANDAMUS will issue.

" " " STATEMENT OF FACTS, holding of Petition.

" " " ARGUEMENT - Relator has the same rights as other people do.

Prayer - To Compell in accordance with law.

AT Page (3) CERTIFICATION, APPENDIX, CERTIFICATE OF SERVICE.

# INDEX OF AUTHORITIES

Braxton V. Dunn, 803 S.W. 2d 318, 320 (Tex.Cr.App.1991). Pg. 2

Code of Criminal Procedure, Art.11:07 (3)(d). . . . . . . . . pg.1,2

Padilla V. McDaniel, 122 S.W. 3d 805 (Tex. Crim.App.2003) pg.1

Rule 52.3(d)(3) . . . . , , . . . . . . . . . . . Pg.1

STATE ex rel. YOUNG V. Sixth Dist. Court of Appeals . . . . Pg.1 (Tex. Crim. App. 2007) (orig. proceeding).

## STATEMENT OF THE CASE

Relator filed a Petition for Writ of Habeas Corpus attacking the District Courts findings of guilty rendered on the 20th day of Nov. 1992.

The writ was filed at the Cherokee County Court on Jan. 21 2015. A Motion for an Evidentuary Hearing was filed also.

The Code of Criminal Procedure Art. 11.07(3)(d) Indicating Court has some thirty five (35) days to determine issues of the Habeas Petition after which the Petition and all findings and the Petition itself are to be immediately sent to the Court of Criminal Appeals.

Rule 52.3(d)(3). - The District Court or Honorable Judge Bascom W. Bentley III could only have reached one decision, being a ministerial Decision. That being to follow the law prescribed therein the Code of Criminal Procedure.

## STATEMENT OF JURISDICTION

Relator's Appeal of this Conviction was heard in this Court. Also, The Court of Criminal Appeals refered relator to Court of Appeals according to Padilla V. McDaniel, 122 S.W. 3d 805(Tex. Crim. App. 2003). In a Prior Mandamus.

## ISSUES PRESENTED

The issue is simply that the holding of the Relator's habeas Corpus Petition and Motion for evidentuary hearing is not in Compliance with prescribed law. See: Art. 11.07(3)(d)

To obtain Mandamus relief in a Criminal case. A Relator must demonstrate, that he does not have an adequate remedy at law to redress an alleged harm and that the act he seeks to Compell is ministerial that is, not involving a discretionary or Judicial decision. See: STATE ex rel Young V. Sixth Dist. Court of Appeals 236 S.W. 3d 207, 210 (Tex. Crim. App. 2007)(orig. proceeding).

1.

## ISSUES PRESENTED

See: Braxton V. Dunn, 803 S.W. 2d 318, 320 (Tex. cr App. 1991). ("Mandamus will issue where there is but one proper order to be entered.

## STATEMENT OF FACTS

The District Court has relator's Petition for Habeas Corpus, and has held it now for four (4) months. And according to the Code of Criminal Proceedure Plainly Stated, the Court has thirty five (35) days to determine factual issues and immediately send the Petition and pertaining documents to the Court of Criminal Appeals, and they have not done what the law states. Therefore, Relator seeks to compell a ministerial Act of the Trial Court. SEE: ART. 11:07(3)(d).

## ARGUEMENT

The arguement is simply that the Relator feels that he has a right to have his habeas corpus treated with the respect of the Constitution for which it stands. It is supposed to be a speedy and effective method to litigate an Actual Innocence Claim; certainly not something to keep locked away in a Courts filing areas. espicially kept longer than the law dictates.

## PRAYER

Relator Prays this Court of Appeals compell the 2nd Judicial District Court to properly send Relator's habeas Corpus on to Austin. To the Court of Criminal Appeals like all other Citizens of this district who file habeas corpus and allow the writ to speak for itself.

2.

## CERTIFICATION

Relator certifies that he has read this Petition and has concluded that every factual statement is supported by competent evidence in the case law cited herein.

## APPENDIX

Relator has no need for extra evidence to utilize in this Appendix.

## CERTIFICATE OF SERVICE

By my hand I do swear that a true and correct copy of this foregoing document was mailed to the Honorable Judge Bascom W. Bentley III with the proper postage attached to the 369Th. District Court of Cherokee County, P.O. Box 287, Rusk, Tx. 75785. And Ms. Janet Gates, District Clerk, 135 S. Main 2nd floor, Rusk, Tx. 75785 on this the 27th day of May, 2015.

Jeffrey L. Ward

3.